IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES CALHOUN-EL, #1600831
    Plaintiff                  :

    v.                               :  CIVIL ACTION NO. CCB-10-94

STATE OF MARYLAND, et al.,       :
    Defendants

## MEMORANDUM

Pending are a dispositive motion filed on behalf of several defendants[2] that shall be construed as a motion for summary judgment (ECF No. 17) and plaintiff James Calhoun-el's opposition thereto. ECF No. 25.[3] Upon review of papers and exhibits filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010).

### Background

Calhoun-el complains that on several occasions[4] he was denied the assistance of fellow prisoner Bruce W. Koenig[5] during plaintiff's Inmate Grievance Office[6] ("IGO") hearings. Calhoun-el alleges the denial of Koenig as his inmate representative was made in retaliation for

---

[1] This action is proceeding with James Calhoun-el as the sole party plaintiff.

[2] The Office of Administative Hearings, Administrative Law Judge Buie and Administrative Law Judge Bouton have not been served with summons and complaint in this case. For reasons apparent herein, these defendants would be entitled to dismissal or summary judgment had they been served.

[3] Plaintiff's opposition motion references allegedly retaliatory actions recently taken by prison officials as a result of the instant litigation. To the extent plaintiff wishes to pursue such a claim, he may do so by filing a separate civil rights action using forms provided by the Clerk. The retaliation claims will not be addressed here.

[4] Those IGO hearings were held on September 9, November 4, and December 17, 2009, and January 14 and January 20, 2010. ECF No. 2.

[5] Koenig's claim of entitlement to act on behalf of fellow prisoners pursuing administrative remedies, including appeals to the IGO, is not considered here.

[6] The Inmate Grievance Office is an agency within the Department of Public Safety and Correctional Services that considers the merits of a grievance filed by a prisoner confined in a Maryland Division of Correction institution or Patuxent Institution. The IGO has established a procedure for processing all grievances filed with it including, but not limited to, grievances involving property and personal injury. *See* Md. Code Regs. ("COMAR") §§ 12.07.01.01–.11.

Calhoun-el's frequent use of the administrative remedy process (including appeals to the IGO) and his role as an "activist" prisoner on behalf of others confined at North Branch Correctional Institution ("NBCI"). Calhoun-el also invokes the Eighth and Fourteenth Amendments as the bases for this civil rights action[7] and seeks injunctive and declaratory relief and money damages.

**Standard of Review**

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id*.

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original). The court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted)

---

[7] For reason apparent herein, the court declines to exercise supplemental jurisdiction over Calhoun-el's state claims.

(quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

While retaliation against an inmate for the exercise of a constitutional right states a claim under 42 U.S.C. § 1983, *see American Civ. Liberties Union v. Wicomico County*, 999 F. 2d 780, 785-86 (4th Cir. 1993), plaintiff "bears the burden of showing that the conduct at issue was constitutionally protected and that the protected conduct was a substantial or motivating factor in the prison officials' decision." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

In the context of prison life, the procedural protections of the Due Process Clause apply only to actions that implicate a protected liberty interest. A prisoner has a liberty interest in actions that result in the loss of good time credits or otherwise impact the amount of time he or she must serve, and in actions that exceed the scope of a criminal sentence by "impos[ing] atypical and significant hardship" on the prisoner "in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Both a statutory and a regulatory framework govern Maryland's administrative remedy process. Md. Code Ann. Corr. Serv. § 10-204 authorizes the IGO to "adopt regulations governing the conduct of its proceedings," which the IGO has done. *See*. Md. Code Regs ("COMAR") 12.07.01.01 *et seq*. If after conducting a preliminary review, the Executive Director decides the grievance should proceed to a hearing, the Executive Director or a designee notifies the grievant and all other individuals determined necessary for the hearing of the date, time, and location of the hearing which, to the extent that security considerations permit, is open to the public. *Id*. § 12.07.01.07(A). An administrative law judge (ALJ) of the State Office of Administrative Hearings (OAH) presides over the hearing. *Id*. Although prehearing discovery procedures do not apply to IGO proceedings, at a hearing a grievant may (1) be represented by

an attorney licensed to practice law in the State, another inmate, or may appear without representation; (2) call witnesses determined by the IGO or the presiding ALJ to have competent and relevant testimony that is not unduly cumulative or repetitive; and (3) present or request the presentation of documents and records determined by the IGO or the presiding ALJ to be competent and relevant and not unduly repetitious in the determination of the merits of the grievance. *Id.* § 12.07.01.07(B)-(C). Under Md. Code Ann. Corr. Serv. § 10-208(d)(3), "[t]he rights of the complainant under this subsection may not be unreasonably withheld or restricted by the Office of Administrative Hearings or the Inmate Grievance Office."

**Analysis**

As noted above, to establish his claim of retaliation, Calhoun-el must first show that the conduct at issue is constitutionally protected.[8] Stripped to its bare essentials, the constitutional dimensions of the claim involve alleged due process violations that occurred when Calhoun-el's chosen inmate representative could not meaningfully participate in administrative grienvance proceedings due to defendants' refusal to accommodate the representative's disability by providing real-time interpretation.

The exhibits provided in support of defendants' dispositive motion show that in each of the five hearings at issue Calhoun-el received written advanced notice that his grievance had been referred to the Office of Administrative Hearings (OAH). The notice also provided Calhoun-el notice that should he seek the assistance of an inmate representative at his upcoming hearing, such request must be received by the IGO at least 14 days prior to the date of the

---

[8] Defendants argue that Calhoun-el has failed to exhaust his claim because he did not present his claim by way of an initial filing of an Administrative Remedy Procedure (ARP) complaint. ECF No. 17 at 14-18. The court finds that Calhoun-el exhausted his claim by taking exception to the denial of his choice of inmate representative within the context of his OAH hearings. Defendants present no authority for the premise that a warden would have the authority to review a decision rendered by the head of the IGO and/or an administrative law judge with regard to the use of an inmate representative.

4

hearing. ECF No. 17, Exhibit 1, Affidavit of IGO Executive Director Scott S. Oakley, exhibits attachments A at 2, H at 2, L at 2, P at 2, and U at 2. Calhoun-el twice provided timely requests to use Koenig as his representative.[9] On two occasions the request was not received in time,[10] and on one occasion it does not appear to have been made at all or if made, never actually received by the IGO or OAH.[11] Calhoun-el does not argue that the IGO notification requirement is impermissible and the court declines to find that such a requirement violates due process. Thus, this court will examine Calhoun-el's claims of impermissible denial of his representative on the two occasions he timely made such requests, in connection with his September 9 and November 4, 2009 hearings.

At the September 9, 2009 hearing, Calhoun-el presented his grievance concerning injuries he received at NBCI on two occasions in February of 2009, when his cellmate slipped while climbing into a top bunk and fell on Calhoun-el. At the November 4, 2009 hearing, Calhoun-el presented his grievance concerning a May 18, 2009 incident wherein NBCI staff confiscated his religious headdress. Neither grievance involved an "atypical and significant hardship" in relation to the ordinary incidents of prison life, and neither incident had any impact on the amount of time Calhoun-el must serve behind bars. The grievances at issue do not implicate protected liberty interests under *Sandin*, 515 U.S. at 483-84, and any alleged deficiencies arising out of the administrative process under which the grievances were reviewed are insufficient to trigger procedural due process protections.

---

[9] Timely notice was provided prior to the September 9, 2009 and November 4, 2009 hearings. ECF No. 17, Affidavit at Exhibit B at 3-5, Exhibit C at 1-2, Exhibit G at 1-2 (IGO No. 20090896), Exhibit I at 1-2, and Exhibit J (IGO No. 20091650).

[10] Calhoun-el's request for Koenig's assistance was received by the IGO the day prior to the January 20, 2010 hearing. ECF No. 17, Affidavit at Exhibit V at 1-2 (IGO No. 20082424). Similarly, his request for representation in IGO No. 20091489 appears to have been received only seven days before the December 17, 2009 hearing. Affidavit at Exhibit M at 1, 3-4; Exhibit N; and Exhibit O at 1.

[11] *See* ECF No. 17, Affidavit at Exhibit T at 1 (IGO No. 20091924).

Even if the court were to assume the State's procedures governing prison grievances mandates due process protection, the facts presented here fail to establish a violation of such rights. As stated in the Declaration of Scott S. Oakley, Executive Director of the IGO, a prisoner's right at an IGO hearing to assistance from an inmate representative is not unlimited, and is based both on security concerns and fiscal considerations. Oakley contends that these considerations are reasonable, given that the "legal privilege" that would extend in a true attorney-client relationship does not exist in the context of prisoner-to-prisoner assistance. ECF No. 17, Exhibit 1 at 2-3. The court concurs. Furthermore, nothing in the record remotely suggests the denial of Bruce Koenig as an inmate representative was retaliatory in nature.[12]

A separate order granting defendants' summary judgment motion shall be entered forthwith.[13]

January 31, 2011  /s/
Date  Catherine C. Blake
  United States District Judge

---

[12] On at least one occasion, Bruce Koenig was permitted to attend Calhoun-el's hearing, but in the absence of an interpreter did not participate in the hearing. ECF No. 17, Declaration at Exhibit G at 1-2.

[13] The plaintiff raises various state constitutional and tort law claims which do not appear to have merit; in any event they will be dismissed pursuant to 28 U.S.C. 1367(c)(3).